AMES REALTY CO. v. BIG INDIAN MINING CO. et al.

(District Court, D. Montana. August 16, 1912.)

No. 66.

EQUITY (§ 437*)—DECREE—ENFORCEMENT—LIMITS OF COURT'S JURISDICTION.

A decree adjudicating priority among conflicting claimants to water rights and quieting titles thereto, which establishes the status of the parties and property involved, is self-executing; and the court has no further power to appoint commissioners to compel rotation in the use of the water, which is an administrative and not a judicial act.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1053, 1054; Dec. Dig. § 437.*]

In Equity. Suit by the Ames Realty Company against the Big Indian Mining Company and others. In the matter of administrative orders relating to the use of waters after final decree adjudicating priorities therein. Prior orders vacated for want of jurisdiction.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

O. W. McConnell, for applicant.
Massena Bullard, for objectors.

BOURQUIN, District Judge. This action was one to adjudicate priorities amongst conflicting water rights and to quiet title thereto. Final decree was rendered on the 5th day of October, 1911. It was in usual form, but contained a provision that the court reserved jurisdiction over the parties and rights involved and to appoint water commissioners to compel rotation in use of the waters—in effect to apportion and supervise the use thereof.

On the 15th day of April, 1912, some of the parties moved the court to appoint, in exercise of the jurisdiction so reserved, two water commissioners for the purposes aforesaid. The motion was granted and the appointment made. These commissioners have filed reports of their labors and move the court to apportion their compensation, fixed in the order of appointment, amongst the users of water for the time being, and to notify each water user of the amount so assessed against him. Some of the parties who did not join in the application for said appointment object, and contend that those securing said appointment are alone liable for the accrued expense. The court, doubting its jurisdiction, asked for briefs thereon. None have been submitted.

I am of the opinion that the court has no jurisdiction to administer the waters involved, and to that end appoint commissioners, and the orders appointing such commissioners, improvidently made, are vacated and set aside. The commissioners' compensation is taxed against those who applied for their appointment. The final decree, rendered as aforesaid, established the status of the parties and property involved. It was self-executing, in that it required no further act to carry it into effect. For this reason the jurisdiction of the court over the parties and property was exhausted and terminated when the decree was rendered.

This does not militate against the authority of the court to punish, as for contempt, any violation of the ancillary injunction incorporated in the decree. The insertion in the decree that the court would reserve jurisdiction over the parties and rights involved, and to appoint water commissioners to compel rotation in use of the water, goes for nothing. A court cannot thus enlarge, extend, or continue its jurisdiction. (If it can, it can also abandon the jurisdiction so assumed.)

To apportion the water and supervise its use, once the priorities are settled by the decree, is purely administrative, and not judicial, and not within the court's duty or powers. As well might the court, on quieting title to land amongst cotenants, reserve jurisdiction to collect and apportion rents or to keep in repair and apportion the expense. The court will assume no such labor, and moreover, if it could and did, in the end it might find itself absorbed in conducting a large part of the business of the people.

Where a decree is not self-executing, a court may retain jurisdiction to execute it—to clear away impediments that may arise to complete execution. Railroad v. College, 208 U. S. 55, 28 Sup. Ct. 182, 52 L. Ed. 379. But that is not this case.

Order as aforesaid.